MATILDA BROCKSCHMIDT V. EMIL BECKER, RECEIVER.

Decided November 23, 1910.

**Receiver—Conversion of Funds—Interest.**

Where the receiver of money of a minor having no guardian mingled the funds of the minor with his and used them for his own benefit, he became liable for legal interest on same. It was immaterial that his appointment was not renewed by the court at a subsequent term, or that he was not authorized by the court to loan the money, or that he had been able and willing to settle his accounts as receiver whenever called on.

Appeal from the District Court of Grimes County. Tried below before Hon. S. W. Dean.

*W. W. Meachum,* for appellant.

*T. C. Buffington,* for appellee.

JENKINS, ASSOCIATE JUSTICE.—It appears from the undisputed facts in this case that appellee on the 25th day of November, 1892, was appointed receiver of funds belonging to appellant, then a minor five years of age, and two of her brothers, William and Fritz, and that at said time he received for appellant Matilda Brockschmidt the net amount of $65.55, and was ordered by the court appointing him to use the same for the support and maintenance of said minor, a similar order being made as to the other minors; that on November 25, 1893, he paid to the mother of appellant Matilda the sum of $8, which he claimed was paid out of the corpus of said estate for her support and

maintenance, but which the appellant claims was paid as interest on money in his hands belonging to her, and at least one of her brothers. Her mother, who received the money, so testified. He never thereafter paid any amount for the support of appellant, upon the ground that it was not necessary as she was self-supporting. Appellee never made any report to the court that appointed him, though it appears that at one time he told the county judge that the appellant did not need any of said funds for her support, and was told by the judge to keep the money.

The court below found that appellant was not due any interest on said money, but was entitled to a credit of $8 on said amount.

It appears from the testimony of the appellee himself that he settled with Wm. Brockschmidt, one of the minors, some years prior to the bringing of this suit, paying him interest on the amount received by him, and that he borrowed the money with which said payment was made, paying ten per cent interest thereon. It also appears that in his settlement with Fritz, the other minor, he paid him interest. The appellee admits that he deposited all the money received by him in a bank at Navasota in his own name, but claims that he had kept said money in said bank at all times for the purpose of settling with appellant when ordered so to do by the court, and the court below so found.

We have no doubt that he could and would have obtained the money for said settlement at any time, had he been ordered so to do, as it appears that he is a man of means and good credit. From his own testimony it appears that he has been a borrower for at least six years, and when he settled with Fritz he obtained the money from a bank different from the one in which he had deposited the trust fund. He also stated in his testimony that he made the payment to the mother of appellant as interest.

Appellee defends under two inconsistent propositions, the one is that as no order was made at the next term of the court after his appointment, continuing his receivership, the same then expired, and that he did not thereafter hold the money of the minors as a trust fund. The other is that he was not empowered under article 2595 of the Revised Statutes to lend the money of the minors without an order of the court, and that no such order was ever made. To our minds it is immaterial in what capacity he held the money of the minors. If he converted the same to his own use he was thereafter liable for interest on the same.

We find the facts to be that the appellee mingled the funds of appellant with those of his own, and that he used the same for his own benefit, and that the payment that he made to the mother of appellant was for the first year's interest on her funds, and that of at least one of the other minors. Wherefore, we conclude, as matter of law, that appellee is indebted to the appellant in the sum of $65.55, with six per cent interest thereon from November 25, 1892, and we accordingly reverse the judgment of the District Court herein and render judgment against the appellee for said amount.

*Reversed and rendered.*